UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

REGINALD HART,

           Plaintiff,

       v.                                 Case No. 25-CV-2016

CHRISTINE KULINSKI, et al.,

           Defendants.

---

## SCREENING ORDER

---

Plaintiff Reginald Hart, who is currently housed at Milwaukee Secure Detention Facility and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Plaintiff's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $22.46. Plaintiff's motion for leave to proceed without prepayment of the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to the complaint, Plaintiff was released from Wisconsin custody onto extended supervision in 2019. Soon thereafter, Plaintiff received approval to transfer his supervision to Georgia. Compl. at 2, Dkt. No. 1. On June 20, 2023, Plaintiff was arrested in Douglas County, Georgia on new criminal charges and was held in the Douglas County Jail. *Id.* at 4.

In September 2023, Plaintiff posted bail on the Georgia charges. He was not released, however, because a Wisconsin probation hold had been lodged against him based on alleged supervision violations arising from the new charges. Plaintiff signed an extradition waiver, making himself available to be extradited to Wisconsin or taken into custody. Plaintiff's defense attorney and his wife contacted Plaintiff's Wisconsin supervising probation officer, Christine Kulinski, and informed her that Plaintiff had "cleared his Georgia charges for release and was ready for Wisconsin pickup." *Id.* Kulinski repeatedly stated that "Wisconsin does not want him" and that Wisconsin would not be extraditing or retrieving Plaintiff. *Id.* In October 2023, Georgia authorities released Plaintiff back to extended supervision in Georgia. After Plaintiff's release, Wisconsin officials took no further action to pursue his alleged violations. *Id.* at 6.

On May 20, 2025, a Wisconsin probation warrant was issued based on the same alleged supervision violations. *Id.* Plaintiff was apprehended on October 7, 2025. *Id.* at 7. Plaintiff is currently facing revocation proceedings. *Id.* at 8.

## ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of*

3

*Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Plaintiff asserts that Defendants violated his right to due process by failing to timely act on the alleged supervision violations, issuing an excessively delayed warrant, and withholding extradition. He claims that the extreme delays in his apprehension violated his liberty interests. Plaintiff seeks monetary damages, a declaratory judgment that Defendants' actions violated his constitutional rights, and injunctive relief preventing revocation based on the unlawfully delayed violations. *Id.* at 5.

The Court concludes that it must abstain from hearing these issues under *Younger v. Harris*, 401 U.S. 37 (1971). Under the *Younger* abstention doctrine, federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with on-going state proceedings. *Id.* at 45; *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010). Given the issues Plaintiff has presented, deciding federal constitutional claims in this Court could (and likely would) undermine the state court proceedings. Indeed, Plaintiff asks that the Court enter a temporary restraining order and preliminary injunction preventing Defendants from taking action in his revocation proceedings. This Court does not have the authority to interfere with a state court proceeding, so Plaintiff's motion for a temporary restraining order and a preliminary injunction is denied.

For these reasons, the Court must stay this federal civil rights action pending resolution of Plaintiff's revocation proceedings. *See Shaw v. Cty. of Milwaukee*, No. 24-1410, 2022 WL 1001434, at *2 (7th Cir. Apr. 4, 2022) (noting that because civil rights claims for monetary damages may become time-barred by the time a state prosecution has concluded, the district court must stay and administratively close a case, rather than dismiss it). The Court will direct the clerk's office to administratively close this case. It is Plaintiff's responsibility to file a motion to reopen the case and lift the stay after his state court proceedings have concluded, including the resolution

4

of post-conviction motions and other appellate relief. *Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995).

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a temporary restraining order and a preliminary injunction (Dkt. No. 4) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **STAYED** pending resolution of Plaintiff's state court revocation proceedings. The clerk's office is directed to **ADMINISTRATIVELY CLOSE** this case. It is Plaintiff's responsibility to file a motion to reopen the case and lift the stay after his state court proceedings have concluded, including the resolution of post-conviction motions and other appellate relief.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $327.54 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will

scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable Byron B. Conway
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin on January 22, 2026.

> s/ *Byron B. Conway*
> BYRON B. CONWAY
> United States District Judge